IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. McCOY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-515 |
| | ) | Judge Nora Barry Fischer/ |
| JEFFREY BEARD, Commissioner of | ) | Magistrate Judge Amy Reynolds Hay |
| Corrections; GERALD ROZUM, | ) | |
| Superintendent S.C.I. Somerset; PRISON | ) | |
| HEALTH SERVICES; DR. R. McGRAPH, | ) | |
| Physician at S.C.I. Somerset; E. SIMKINS, | ) | |
| Physicians Assistant at S.C.I. Somerset; | ) | Re Dkt. Nos. [67] & [70] |
| Individually and in their Official capacities, | ) | |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by the DOC Defendants, Dkt. [67], be granted. It is further recommended that the motion to dismiss by the Medical Defendants, Dkt. [70], be denied.

### REPORT

James E. McCoy ("Plaintiff"), a state prisoner who was housed at SCI-Somerset, has brought a pro se civil rights action. The complaint alleges that Defendants Jeffrey Beard, who is the Secretary of the Department of Corrections ("DOC") and Gerald Rozum, who is the Superintendent of SCI-Somerset, (collectively, "the DOC Defendants") and Prison Health Services, Inc., the medical subcontractor at SCI-Somerset, and Dr. McGraph, a physician at SCI-Somerset and Physician Assistant Simkins, (collectively, "the Medical Defendants") all violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Specifically, Plaintiff alleges that the Defendants treated him with drugs for diabetes when Defendants never

tested him for diabetes and he never had diabetes. Plaintiff claims to have taken the diabetes drugs for over two years and asserts that they caused him permanent damage.

Because Plaintiff was, in fact, being treated by medical personnel for diabetes albeit supposedly incorrectly, and because the DOC Defendants had no way in which to independently judge that the medical personnel had erroneously diagnosed Plaintiff with diabetes, the complaint cannot state a claim of deliberate indifference as to the DOC Defendants and should be dismissed. However as to the Medical Defendants, the complaint, liberally construed, adequately alleges a policy on the part of PHS and adequately alleges that the Medical Defendants were deliberately indifferent to an obvious risk, i.e., prescribing a diabetes drug for Plaintiff in the absence of any indication in his medical record that he was ever tested for diabetes.

**Standard of Review - Motion to Dismiss**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may only properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations and all reasonable inferences to be drawn therefrom, the "factual allegations [are]. . . enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it pleads "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Lastly, it is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted. Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

Plaintiff has filed this suit pursuant to 42 U.S.C. § 1983 in order to attempt to vindicate his Eighth Amendment rights. The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm. See Wilson v. Seiter, 501 U.S. 294 (1991). The Court of Appeals for the Third Circuit has explained the objective element as requiring proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. . . . If not our inquiry is at an end." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). The Supreme Court has held in the medical context that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976)(internal quotations omitted). The Court explained the subjective prong of an Eighth Amendment "deliberate indifference" claim is met when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

3

from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

DOC Defendants' Motion to Dismiss

Instantly, the DOC Defendants point out that although Plaintiff alleges that he was misdiagnosed as a diabetic and consequently treated for a condition that he did not have, even reading the complaint most liberally, the DOC Defendants could not have possessed the requisite subjective mindset in order to make out an Eighth Amendment claim of deliberate indifference. The DOC Defendants are correct.

The DOC Defendants, none of whom are medical practitioners, must rely on the medical experts to diagnose and treat prisoners. The general rule is that where a prisoner is being treated by medical personnel, non medical prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment. See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) ("The only allegation against either of these two [prison official] defendants was that they failed to respond to letters Durmer sent to them explaining his predicament. Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.")(footnoted omitted); Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001)("Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Similarly, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor.")(internal citations and quotations omitted). This rule makes sense because a non-physician layperson cannot be deliberately indifferent to a prisoner's medical needs when he knows that the prisoner

is being seen by and treated by physicians, notwithstanding the prisoner's complaints about the physician's treatments and/or alleged mis-diagnosis because a non-physician layperson has no expertise whereby to judge the adequacy *vel non* of a physician's treatment. While the DOC Defendants may have known of Plaintiff's complaints about his treatment, the DOC Defendants had no expertise by which to question the medical determination of the Medical Defendants that Plaintiff was diabetic and needed to be medicated for that condition. Plaintiff's whole complaint is based on the allegation that the Medical Defendants mis-diagnosed Plaintiff as diabetic and thereafter treated him for that diagnosis with medication appropriate to treat diabetes, which adversely affected him. In light of this, the DOC Defendants' motion to dismiss should be granted.

In the alternative, it appears that Plaintiff seeks to hold the DOC Defendants liable solely based upon their roles as administrators and in responding to Plaintiff's administrative grievances. See, e.g., Dkt. [75] at 2 to 3 wherein Plaintiff alleges that

> the plaintiff is well aware that both defendants, Mr. Rozum, and Mr. Beard, are secondary to the misconduct perpetrated by defendants, PHS, and their employees. The information in the amended complaint are actions taken place prior to contacting defendants Mr. Rozum and Mr. Beard. It was after the attempts to resolve all matters threw [sic] medical that defendant, Mr. Rozum, was appealed to for relief. After his review of the issues, Mr. Rozum elected to affirm the actions of defendants, PHS, and their employees.
> Plaintiff, Mr. McCoy, then appealed to Mr. Beard's office, who elected as well to stand with defendants Rozum, PHS, and their employees.

It is clear from the foregoing that Plaintiff seeks to hold the DOC Defendants liable for their role in denying his administrative grievances. Such is insufficient, as a matter of law, to state a claim of deliberate indifference as to the DOC Defendants under the circumstances of this case. For the rule is that "[t]he failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation." Rauso v. Vaughn, No. CIV. A. 96-6977, 2000

5

WL 873285, at *16 (E.D.Pa., June 26, 2000). See also Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table), 2000 WL 799760, at *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted); Mitchell v. Keane, 974 F.Supp. 332, 343 (S.D.N.Y. 1997) ("it appears from the submissions before the court that Mitchell filed grievances, had them referred to a prison official, and received a letter reporting that there was no evidence to substantiate his complaints. Mitchell's dissatisfaction with this response does not constitute a cause of action."); Caldwell v. Hall, NO. CIV.A. 97-8069, 2000 WL 343229, at *2 (E.D.Pa. March 31, 2000)("The failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation."); Orrs v. Corns, No. CIV.A. 92-6442, 1993 WL 418361, at *2 (E.D.Pa. Oct. 13, 1993)("But an allegation that a defendant failed to act on a grievance or complaint does not state a Section 1983 claim."); Croom v. Wagner, Civil Action No. 06-1431, 2006 WL 2619794, at *4 (E.D.Pa. Sept. 11, 2006)("Furthermore, neither the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing."); Jefferson v. Wolfe, NO. CIV A. 04-44, 2006 WL 1947721, at *17 (W.D.Pa. July 11, 2006)("These allegations [of denying grievances or grievance appeals] are insufficient to establish such Defendants' personal involvement in the challenged conduct under Section 1983. See Watkins v. Horn, 1997 WL 566080 at *4 (E.D.Pa..1997)(concurrence in an administrative appeal process is not sufficient to establish personal involvement) ...").

In addition, the operative complaint fails to even mention Defendant Rozum, which provides an additional ground to dismiss the complaint against Defendant Rozum.

6

Accordingly, for any or all of the foregoing reasons, the DOC Defendants' motion to dismiss should be granted.

### Medical Defendants' Motion to Dismiss

The Medical Defendants move to dismiss the complaint, asserting that the complaint fails to allege a policy on the part of PHS as is required[1] and, secondly, fails to state a claim of deliberate indifference against them.

Liberally reading the complaint through the lens of Plaintiff's response to the Medical Defendants' motion to dismiss, it is clear that Plaintiff is indeed alleging a policy or custom on behalf of PHS, namely, that PHS had a custom of "turn[ing] a blind eye to an obviously inadequate practice that was likely to result in the violation of Constitutional rights." Dkt. [77] at 4, ¶ 3(c). This is adequate at this stage to state a claim. See, e.g., Brown v. McGuire, 234 F.3d 1272 (Table), 2000 WL 1693692, at *2 (7th Cir. 2000)("finding of deliberate indifference requires proof that prison employee knew about a constitutional deprivation and 'approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated'").

The remaining allegations against the Medical Defendants amount to a claim that even if they did not know Plaintiff was not diabetic, they knew that they should not have prescribed medication for diabetes that had potentially bad side effects given that his medical record allegedly demonstrated that there were never any tests performed on him to ascertain whether he, in fact, had diabetes and that the Medical Defendants knew that prescribing such diabetes medication under such circumstances, posed a risk or that the risk was so obvious that they must

---

[1] Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 - 84 (3d Cir. 2003)("PHS [i.e., a private health care subcontractor for a jail] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability. In order for PHS to be liable, the Natales must provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation they allege.")(footnote and citations omitted).

have known.  We find this sufficient at this stage.  See Farmer, 511 U.S. 825, 842 (1994)("[I]f the risk is obvious, so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it").  Accordingly, the Medical Defendants' Motion to Dismiss should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections BY July 28, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge


Dated:  10 July, 2008

cc:     Hon. Nora Barry Fischer
        United States District Judge

        James E. McCoy
        HG-2351
        S.C.I.-Somerset
        1600 Walters Mill Road
        Somerset, PA 15510

        All counsel of record by Notice of Electronic Filing